```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     EASTERN DIVISION
```

JOHNNIE D. HARRIS                                        PLAINTIFF

VERSUS                            CIVIL ACTION NO.4:07cv53-HTW-LRA

JACKIE KNIGHT, JAMES WATTS,
and RANDY PATT                                          DEFENDANTS

<u>OPINION and ORDER</u>

On April 19, 2007, the plaintiff filed a complaint [1-1] pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. This court entered two orders [3-1 & 4-1] in this action on April 19, 2007. One order advised the plaintiff about the Prison Litigation Reform Act and directed the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit within 30 days. The second order entered directed the plaintiff to file a completed application to proceed <u>in forma pauperis</u>, specifically the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or to file an affidavit specifically stating the name of the prison official contacted concerning the certificate and why this information is not provided to this court within 30 days. The plaintiff was warned in both of these orders that if he failed to comply with the orders in a timely manner this case might be dismissed. The plaintiff failed to comply with either of these orders.

Out of an abundance of caution, the first order to show cause [5-1] was entered on June 19, 2007, directing the plaintiff to explain why this case should not be dismissed for his failure to comply with this court's orders of April 19, 2007, on or before July 4, 2007.  The plaintiff was once again warned that if he did not comply with the order his case could be dismissed without prejudice and without further notice to him.  The plaintiff failed to comply with that order.

When the plaintiff failed to comply with the order to show cause [5-1], a second order to show cause [6-1] was entered on July 26, 2007.  The plaintiff was directed to respond to this second order to show cause as well as comply with the previous orders of this court on or before August 10, 2007.  The plaintiff was warned in this second order to show cause that failure to comply would result in the dismissal of the instant civil action.  Once again, the plaintiff has failed to comply with the orders of this court or to communicate with this court concerning the instant civil action.

The plaintiff has failed to comply with four court orders.  It is apparent from the plaintiff's failure to comply and failure to communicate with this court that he lacks interest in pursuing this claim.  This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to

2

dismiss the action <u>sua sponte</u>.  <u>See</u> <u>Link v. Wabash Railroad</u>, 370 U.S. 626 (1962); <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  <u>Link</u>, <u>supra</u>, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the <u>27th</u> day of August, 2007.

                                 s/ HENRY T. WINGATE
                                 CHIEF UNITED STATES DISTRICT JUDGE

Opinion and Order
CIVIL ACTION NO.4:07cv53-HTW-LRA